UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIE BIBUM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT WILSON, *et al.*, <br><br> Defendants. | Civil Action No. 23-1587 (JMC) |

**MEMORANDUM OPINION**

Plaintiffs Marie Bibum, Mociana Corp., Inc., and State Pharmacy, Inc. do not state a viable claim that Defendant T.D. Bank, N.A ("T.D. Bank") was negligent in verifying a cashier's check. Accordingly, T.D. Bank's motion to dismiss, ECF 11, is granted, and Plaintiffs' motion for preliminary injunction is denied, ECF 16.[1]

**I.    BACKGROUND**

The Court understands the following from Plaintiffs' amended complaint. Plaintiff Marie Bibum, and her companies Mociana Corp., Inc. and State Pharmacy, Inc., purchase, import, and sell gold from West Africa. ECF 8 at 4. Plaintiffs allege that they were scammed by someone named Scott Wilson, doing business as ScottWilson Investments. *See id.* at 4–5. It appears that Mr. Wilson contracted with Ms. Bibum to buy seven million dollars of gold. *Id.* at 4, 8. Plaintiffs

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

allege that Mr. Wilson also "caused [Ms. Bibum] to hire," John Caldon, a supposed U.S. Customs Broker, to "clear" the gold for import. *Id*. at 4–5.

Mr. Wilson agreed to pay Ms. Bibum over one million dollars as a commission. *Id*. at 5. Before signing any contract, however, Ms. Bibum demanded some assurance that he would be able to hold up his end of the bargain. *Id*. at 4. Mr. Wilson gave her a cashier's check for $1,815,000 that appeared to be drawn from a T.D. Bank account as security. *Id.* at 4, 8. He told her that she could cash the check after the gold arrived in the United States or if he breached their agreement. *Id.* at 4.

Ms. Bibum alleges that she twice took the check to a local T.D. Bank branch to confirm that it was "good, that the account was funded, and that it had not expired." *Id*. at 5. And on both occasions the bank confirmed its validity. *Id*. After the first time that T.D. Bank confirmed that the check was legitimate, Ms. Bibum signed the contract with Mr. Wilson. *Id*. After Ms. Bibum took the check to T.D. Bank to confirm that it was legitimate for the second time, Ms. Bibum opened a T.D. Bank account and deposited the check. *See id.* at 6. As part of the deal, she also paid Mr. Caldon $11,085 for various customs fees. *Id*. at 4–5.

Apparently, the whole arrangement was a scam. No gold was ever delivered to the United States, and Mr. Wilson and Mr. Caldon disappeared. *Id*. at 5–6. T.D. Bank has refused to honor the check. *See id.* at 6, 9.

After realizing that Ms. Bibum had been conned, Plaintiffs filed this suit against Mr. Wilson, ScottWilson Investments, Mr. Caldon, and T.D. Bank.[2] Plaintiffs allege that T.D. Bank was negligent in (twice) verifying that the cashier's check was legitimate. ECF 8 at 5, 9. According to their complaint, Ms. Bibum would have never contracted with the other Defendants if T.D. Bank

---

[2] T.D. Bank is the only Defendant before the Court because the other Defendants remain in the wind. Plaintiffs have not been able to locate or serve the other Defendants. ECF 15.

2

had not verified the check. Plaintiffs seek sweeping relief to claim the benefit of the deal that they were supposed to have, including an injunction preventing T.D. Bank from releasing any funds from Mr. Wilson's account and monetary damages of $1,815,000—the amount of the cashier's check. T.D. Bank filed a motion to dismiss, ECF 11, and Plaintiffs opposed, ECF 12. While T.D. Bank's motion to dismiss was pending, Plaintiffs filed a motion for preliminary injunction, ECF 16, which T.D. Bank opposed, ECF 18.

## II. LEGAL STANDARD

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint; it does not require a court to assess the truth of what is asserted or determine whether a plaintiff has any evidence to back up what is in the complaint." *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017). To survive a Rule 12(b)(6) motion, a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he Court need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012). "To survive a motion to dismiss, a complaint must have facial plausibility, meaning it must plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## III. ANALYSIS

Ms. Bibum claims that T.D. Bank was negligent in confirming the validity of the cashier's check that it subsequently refused to honor. ECF 8 at 8–9. The elements of a negligence claim under District of Columbia law are that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the breach proximately caused damage to the interests of the plaintiff. *Sigmund v. Starwood Urban Retail VI, LLC*, 617 F.3d 512, 514 (D.C. Cir. 2010)

(citing *District of Columbia v. Beretta, U.S.A., Corp.*, 872 A.2d 633, 642 n.3 (D.C. 2005) (en banc)). The plaintiff "must specify a negligent act and characterize the duty whose breach might have resulted in negligence liability." *Heidi Aviation, LLC v. Jetcraft Corp.*, 573 F. Supp. 3d 182, 197 (D.D.C. 2021) (quoting *District of Columbia v. White*, 442 A.2d 159, 162 (D.C. 1982)). The question of whether a duty exists is a legal one capable of resolution at this stage. *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 811 (D.C. 2011).

Plaintiffs' negligence claim fails at the first prong because their complaint does not plausibly allege that T.D. Bank owed them any duty of care. Plaintiffs identify no relationship between Plaintiffs and the Bank that would give rise to any such duty. In fact, the complaint makes clear that Ms. Bibum was not even a customer of T.D. Bank when it verified the check. *See* ECF 8 at 6 (alleging that Ms. Bibum opened an account and deposited the check at T.D. Bank *after* the Bank twice verified the check). The Court is aware of no duty of care that a bank owes to someone who is not its customer. *See, e.g.*, *Malek v. Flagstar Bank*, 70 F. Supp. 3d 23, 32 (D.D.C. 2014) (recognizing that "a bank does not owe a duty of care to a noncustomer with whom the bank has no direct relationship"). In their opposition, Plaintiffs now suggest that Ms. Bibum was a customer of the Bank when it confirmed the legitimacy of the cashier's check, ECF 12 at 9. But it is well settled that a plaintiff may not use her opposition to a motion to dismiss to amend her complaint. *See, e.g.*, *Durand v. District of Columbia*, 38 F. Supp. 3d 119, 129 (D.D.C. 2014) (citing cases). And the Court certainly would not consider allegations in an opposition that contradict those in the complaint. To sum it up, Plaintiffs' amended complaint contains no factual allegations establishing that T.D. Bank owed them any duty of care. So, Plaintiffs' claims are dismissed.[3]

---

[3] In their opposition, Plaintiffs cite to a string of D.C. Code sections, as well as argue that the general principle that Defendant owes no duty to Plaintiffs does not apply here because the case involves a cashier's check. ECF 12 at 8, 10–12 (citing § 28:3–103(a)(8) (defining "ordinary care"); § 28:3–104 (describing "negotiable instruments"); § 28:3–411 (allowing damages for wrongfully refused checks); and § 28:3–411 (explaining the obligations of a note issuer)).

4

Plaintiffs have also filed a motion for preliminary injunction against T.D. Bank. ECF 16. Having dismissed Plaintiffs' claims against T.D. Bank, that motion is moot.

## IV. CONCLUSION

Plaintiffs' amended complaint does not state a viable negligence claim against Defendant T.D. Bank. Accordingly, T.D. Bank's motion to dismiss, ECF 11, is **GRANTED** and Plaintiffs' motion for preliminary injunction, ECF 16, is **DENIED** as moot. A separate order accompanies this opinion.

**SO ORDERED**.

DATE: March 28, 2024

                                                            Jia M. Cobb
                                                            U.S. District Court Judge

---

The Court assumes that Plaintiffs are attempting to argue that these statutory provisions generate a duty of care here. But Plaintiffs still fail to connect the code sections to any purported duty that T.D. Bank owed them and how that duty relates to the allegedly negligent acts identified in the complaint; namely that T.D. Bank is liable for damages because it confirmed the validity of the cashier's check.